Filed 10/29/13  In re Mara M. CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re MARA M., A Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, | D063765 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. J230336) |
| MARA M., | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County,

Richard R. Monroy and Polly H. Shamoon, Judges.  Affirmed.

Sarah Kleven McGann, under appointment by the Court of Appeal, for Defendant

and Appellant.

No appearance for Plaintiff and Respondent.

The juvenile court (Judge Monroy) found true four misdemeanors alleged in a

petition filed against Mara M., age 17 at the time of the incident:  petty theft in violation

of Penal Code section 484; two counts of battery in violation of Penal Code section 242;

and underage possession of alcohol in violation of Business and Professions Code section 25662, subdivision (a). The court fixed her maximum period of confinement at one year 10 months (one year two months related to a prior petition and eight months for this case). At the disposition hearing, the court (Judge Shamoon) continued appellant as a ward of the court under probation, committed her to a Breaking Cycles program not to exceed 365 days, and imposed various probation conditions.

FACTS

Kenneth Johnson, a loss prevention officer working at a Vons in San Diego, observed appellant and a girlfriend enter the store and walk directly towards the beer aisle. He saw appellant, who appeared underage, pick up a 30-pack of beer, leave the beer aisle, and exit the store without paying for the beer. Johnson called his partner, David Bolerjack, advised him of the exact exit appellant had used, and then contacted appellant. Appellant's actions before she exited were captured on videotape.

Outside the store, Johnson, who was dressed in jeans, a baseball cap and a polo shirt, stood in front of appellant, identified himself as a loss prevention officer, showed appellant the badge he wore on a lanyard around his neck and inquired about the beer. In response, appellant stated she had purchased the beer. But when asked for a receipt, appellant threw the beer at Johnson, hitting him.

Johnson then attempted to handcuff appellant. Appellant was angry, using foul language, and stating she was on probation and was not "going back to juvy." Johnson informed her she was being detained for shoplifting and urged her to remain calm. Johnson thought he had appellant in his grasp, but she slipped away and bit his arm,

2

leaving bite marks. By that time, Bolerjack had arrived to assist. Bolerjack stood in front of appellant, identified himself, and told her to stop resisting. She immediately kicked him in the groin.

The two agents, both much larger in size than appellant, attempted to subdue her without hurting her. They brought her to the ground, turned her over, handcuffed her and took her inside the store to wait for the police. When asked if she needed medical attention, appellant said no.

Officer Marty Reinhold advised appellant of her *Miranda* rights and she agreed to speak with him. She admitted stealing the beer, throwing it at Johnson, and trying to resist arrest. She also acknowledged that the "security guard" identified himself and asked her for a receipt, and that she bit one of them and kicked the other in the groin.

Kristoffer Huffman had gone to Vons with appellant and her girlfriend and was waiting in a parked car with another male when the incident occurred. Huffman saw the struggle between appellant and Johnson from about 30 feet away. He heard Johnson tell appellant to give the beer back, but never heard Johnson identify himself. He also stated he did nothing to intervene to help appellant, and when the other security guard arrived he and his two friends left the parking lot.

Appellant testified she took the beer without paying and was underage, but stated that as she walked out of the store she was grabbed by a strange man. Everything she did—throwing the beer, biting, kicking and resisting—was to escape from the strange man and the other man who had joined him. She maintained that the two men did not

3

identify themselves until after she was on the ground and handcuffed. Appellant stated that as a result of the struggle, her wrists were swollen and her left arm scraped.

The judge who presided over the adjudication hearing stated he found the loss prevention officers credible, but did not believe appellant's or her friend's accounts of the incident.

DISCUSSION

Appointed appellate counsel has filed a brief setting forth the facts and proceedings below. Counsel presents no argument for reversal, but asks that this court review the record for error as mandated by *People v. Wende* (1979) 25 Cal.3d 436. Pursuant to *Anders v. California* (1967) 386 U.S. 738, counsel refers to a possible but not arguable issue: whether there was sufficient evidence to sustain two battery counts despite the evidence of self-defense. We granted appellant permission to file a brief on her own behalf. She has not responded.

A review of the record pursuant to *People v. Wende, supra*, 25 Cal.3d 436 and *Anders v. California, supra*, 386 U.S. 738, including the possible issue referred to by appellate counsel, has disclosed no reasonably arguable appellate issues. Competent counsel has represented appellant on this appeal.

## DISPOSITION

The judgment is affirmed.


HALLER, J.

WE CONCUR:


NARES, Acting P.J.


O'ROURKE, J.